IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO: 3:04CR196

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | )<br>)<br>) |
| vs. | ) MEMORANDUM AND<br>) RECOMMENDATION |
| NATHANIEL DEVON BAILEY,<br>Defendant. | )<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Nathaniel Devon Bailey's "Motion to Suppress Evidence; Request for Hearing" ("Motion to Suppress") (Document No. 10), filed October 7, 2004, 2004, and the "Government's Response to Defendant's Motion to Suppress Evidence" (Document No. __), filed November 18, 2004. An evidentiary hearing was conducted before the undersigned on November 18, 2004, and the Motion to Suppress is now ripe for disposition.

## I. PROCEDURAL BACKGROUND AND FACTUAL FINDINGS

### A. Procedural Background

In the Motion to Suppress, Mr. Bailey contends that the search of his automobile on March 17, 2003 was unlawful because it was made without probable cause. Mr. Bailey argues that the search does not qualify as a "search incident to arrest" because it was not reasonably related to the charges for which he was arrested. Accordingly, Mr. Bailey asks that all evidence obtained as a result of the search be suppressed.

### B. Factual Findings

Based upon the evidence presented at the November 18 hearing – that is, the testimony of

1

13

Officer Bradley Evans and Detective Donald Donahue, both of whom are employed by the Monroe, North Carolina police department – the undersigned makes the following findings of fact.

On March 17, 2004, Mr. Bailey was indicted on two counts of larceny by an employee and a warrant was issued for his arrest. Late that evening, Officer Evans and Detective Donahue traveled to an apartment to serve the arrest warrant on Mr. Bailey. Detective Donahue went upstairs to the door of the apartment, while Officer Evans remained downstairs in the parking lot. Detective Donahue spoke to Mr. Bailey's girlfriend, who told Detective Donahue that Mr. Bailey was not at the apartment but that he was expected to return to the apartment shortly. Mr. Bailey's girlfriend also gave Detective Donahue a description of the vehicle that Mr. Bailey was driving. Detective Donahue relayed that information to Officer Evans.

Officer Evans drove down Imelda Drive, the main drive of the apartment complex, and saw a vehicle matching the description given by Mr. Bailey's girlfriend. Officer Evans told Detective Donahue that Mr. Bailey was on his way back to the apartment. Officer Evans turned his vehicle around and pulled behind the vehicle driven by Mr. Bailey. Meanwhile, Detective Donahue ran down the stairs of the apartment building so that he would be in the parking lot when Mr. Bailey arrived. Mr. Bailey pulled into a parking space in front of the apartment. As Mr. Bailey was putting the vehicle into the "park" gear, Detective Donahue opened the driver's side door of the vehicle and assisted Mr. Bailey out of the vehicle. Officer Evans stood approximately one and a half to two feet away, a position from which he could see clearly, despite the time of day. Detective Donahue then placed Mr. Bailey under arrest and patted him down for contraband. Immediately thereafter, and while Mr. Bailey was in handcuffs, Officer Evans searched the vehicle in which Mr. Bailey arrived at the apartment. Officer Evans found in the center console of the vehicle four rocks of crack

cocaine, a 32-caliber handgun, and seven rounds of 32-caliber ammunition.

## II. LEGAL ANALYSIS AND CONCLUSIONS

In Belton v. New York, 453 U.S. 454 (1981), the United States Supreme Court established a bright line rule governing the "proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants." Id. at 459. That rule is as follows:

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

Id. at 460–61 (internal citations and footnotes omitted). The Supreme Court recently clarified one aspect of Belton, making it clear that Belton "governs even when an officer does not make contact until the person arrested has left the vehicle." Thornton v. United States, ___ U.S. ___, ___, 123 S. Ct. 2127, 2129 (2004).

In this case, Detective Donahue approached Mr. Bailey while Mr. Bailey was still in the vehicle. Detective Donahue then made a lawful custodial arrest of Mr. Bailey, a point that Mr. Bailey does not dispute. Immediately thereafter, Officer Evans searched the vehicle, including the center console. Under Belton, 453 U.S. 454, that search was a lawful search incident to Mr. Bailey's arrest. Under Thornton, 123 S. Ct. 2127, the result would be the same if Detective Donahue approached Mr. Bailey shortly after Mr. Bailey exited the vehicle. Accordingly, the undersigned respectfully recommends that the Motion to Suppress (Document No. 10) be denied.

To ensure that the record is clear with respect to the arguments made by Mr. Bailey and the

undersigned's consideration of those arguments, however, a few more comments are in order. The undersigned notes with interest the argument made by Mr. Bailey that the concurrences in Thornton, 123 S. Ct. 2127, propound that such a search would be lawful only "where it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." Id. at 2137 (Scalia, J., concurring). In this case, Mr. Bailey was arrested on an outstanding warrant for larceny by an employee. Based on the testimony at the hearing, it appears to the undersigned that Detective Donahue and Officer Evans did not reasonably believe that evidence relevant to the larceny would be found in the vehicle driven by Mr. Bailey. If what Mr. Bailey suggests is true – that is, the law were such that a search was only lawful where it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle – the undersigned would conclude that the evidence found in the search of the vehicle driven by Mr. Bailey should be suppressed. Nonetheless, the law as it stands today is that enunciated by the Supreme Court in Belton, 453 U.S. 454, and Belton does not require that the searching officers reasonably believe that evidence relevant to the crime of arrest might be found in the vehicle. Thornton, 124 S. Ct. at 2122 n.4. While the concurrences in Thornton, 123 S. Ct. 2127, might call into question the extent of Belton's holding, as of yet, the Supreme Court has not overruled, or even limited, Belton. As such, Mr. Bailey's argument to the contrary is unavailing.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Motion to Suppress (Document No. 10) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum supra I.A-C must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D. N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Graham C. Mullen.

**IT IS SO ORDERED**, this 22nd day of November, 2004.

DAVID C. KESSLER
UNITED STATES MAGISTRATE JUDGE

United States District Court
for the
Western District of North Carolina
November 22, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:04-cr-00196

True and correct copies of the attached were mailed by the clerk to the following:

Robert J. Gleason, Esq.
U.S. Attorney's Office
227 W. Trade St.
1700 Carillon Bldg.
Charlotte, NC 28202

James Gronquist, Esq.
Nixon, Park & Gronquist, Foster, PLLC
101 N. McDowell
Suite 126
Charlotte, NC 28204

cc:
Judge                       (✓)
Magistrate Judge            ( )
U.S. Marshal                ( )
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other_____             ( )

Date: 11-22-04

Frank G. Johns, Clerk
By: _____
Deputy Clerk