# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:04cr196

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND ORDER** |
| **NATHANIEL DEVON BAILEY** ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress Evidence (Doc. No. 10), the Government's Response (Doc. No. 12), the magistrate judge's Memorandum and Recommendation (Doc. No. 13), and the Defendant's Objections (Doc. No. 14). The Defendant challenges the magistrate judge's factual finding that the Defendant was inside his vehicle when confronted by the police and the legal conclusion that the subsequent search of the vehicle was a lawful search incident to arrest.

I.  PROCEDURAL HISTORY

Pursuant to 28 U.S.C. § 636(b)(1)(B) and a standing order of designation, this matter was referred to United States Magistrate Judge David C. Keesler for disposition. After a hearing conducted on November 18, 2004, Magistrate Judge Keesler filed a Memorandum and Recommendation concluding that the Defendant's Motion should be denied. (Doc. No. 13: M&R at 4). The Defendant timely filed his Objections to Magistrate Judge's Memorandum and Recommendation Regarding Motion to Suppressing Evidence and/or Notice of Appeal December 2, 2004. (Doc. No. 14). The Government filed no response to the Defendant's objections.

II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D. S.C. 1992). Accordingly, the Court has conducted a careful review of the evidence presented at the suppression hearing, Magistrate Judge Keesler's Memorandum and Recommendation, and the arguments of the parties, including a de novo review of those issues specifically raised in the Defendant's objections.

III.    FACTUAL FINDINGS

At the hearing on the Defendant's motion, the Government introduced the testimony of Officer Bradley Evans and Detective Donald Donahue, both employees of the Monroe, North Carolina, Police Department. Both officers testified the Defendant was inside a vehicle when he was arrested and taken into custody on an outstanding warrant. (Officer Evans, TR at 10-11, 19, 22; Det. Donahue, TR at 26-27). The Defendant elected not to present any evidence. Even so, the Defendant objects to Magistrate Judge Keesler's finding that "Detective Donahue opened the driver's side door of the vehicle and assisted Mr. Bailey out of the vehicle." (Doc. No. 14: Objections at 1). The Defendant instead points to the recitation in his Motion to Suppress Evidence where he claims he had exited the vehicle before the officers approached and arrested him. (Doc. No. 14: Objections at 1).

After a careful review of the evidence admitted at the hearing, the Court finds that direct testimony from Officer Evans and Detective Donahue firmly supports the disputed finding of fact. No evidence was offered to establish the Defendant's objection. Thus, the Court adopts the

2

findings of fact recited by Magistrate Judge Keesler in the Memorandum and Recommendation. (Doc. No. 13: M&R at 1-3). As discussed below, the result in this case would be the same even if the facts were as the Defendant alleges.

IV. LEGAL DISCUSSION

The Defendant also objects to the magistrate judge's legal conclusion that the search of his vehicle was a lawful search incident to arrest. (Doc. No. 14: Objections at 1). The Defendant argues that the vehicle search was invalid because it did not reasonably relate to the offense for which he was arrested. The Defendant's position is without merit.

The Fourth Amendment prohibits unreasonable searches, and a warrantless search is per se unreasonable unless a valid exception to the warrant requirement applies. United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005) (citing Mincey v. Arizona, 437 U.S. 385, 390, 98 S. Ct. 2408, 57 L. Ed. 2d 290 (1978). One such exception involves the contemporaneous search of the passenger compartment of a vehicle when an occupant is arrested. New York v. Belton, 453 U.S. 454, 460, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981). In Thornton v. United States, 541 U.S. 615, 124 S. Ct. 2127, 2129, 158 L. Ed. 2d 905 (2004), the Court concluded that "Belton governs even when an officer does not make contact until the person arrested has left the vehicle." The need for such an exception to the warrant requirement is justified based on concerns regarding officer safety and destruction of evidence presented when a person is taken into custody in or near a vehicle. Id. at 2130-32; Bush, 404 F.3d at 275.

Here, the testimony of Officer Evans and Det. Donahue established that the Defendant was in the vehicle when they first made contact with him. The defendant concedes his subsequent arrest was lawful. (Doc. No. 10: Motion at 1). Therefore, under Belton, 453 U.S. at

460, the officers validly searched the passenger compartment of his vehicle. Additionally, the Defendant concedes he had recently exited his vehicle and had not yet entered his apartment when the officers searched his vehicle. (Doc. No. 10: Motion at 1). Therefore, under Thornton, 124 S. Ct. at 2131-32, the search would be upheld even if the Defendant had exited his vehicle before the officers approached him.

In his objections, the Defendant attempts to cobble a limitation to this exception to the warrant requirement, that the search must relate to the offense of arrest, from the concurring and dissenting opinions in Thornton. (Doc. No. 14: Objections at 1-2). However, the sum of the parts does not invalidate the whole of the Court's opinion. In fact, the Court specifically refused to reach the issue the Defendant claims is the holding of the case. Id. at 2132 n. 4. Whether or not there might be a sufficient number of justices who would impose the Defendant's limitation, the Court has cautioned lower courts to follow cases which directly control, and leave to the Court "the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, 207, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997).

It is not surprising then that the Defendant has not provided any decisions of courts applying the limitation for which he argues, nor has this Court found any. The cases the Court has found apply Thornton without regard for the offense of arrest. See e.g. United States v. Herndon, 393 F.3d 665, 666 (6th Cir. 2005) (defendant arrested for driving on revoked license and outstanding warrants; police found loaded firearm and pills in vehicle); United States v. Barnes, 374 F.3d 601, 603 (8th Cir. 2004) (defendant arrested on outstanding warrant for manslaughter; police found narcotics in hidden compartment in vehicle's door). Thus, Magistrate Judge Keesler properly rejected the Defendant's argument and correctly held that the search was not required to relate to the crime of arrest. (Doc. No. 13: M&R at 4).

V.     CONCLUSION

In considering the evidence offered at the hearing, the Court finds that the officers lawfully searched the Defendant's vehicle incident to his arrest. Thus, any evidence obtained during this search is admissible. As to all issues not specifically discussed above, this Court has conducted a careful review of all issues and adopts the recommendations of the magistrate judge.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Suppress Evidence is **DENIED**.

**Signed: August 2, 2005**

Robert J. Conrad, Jr.
United States District Judge